IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JANICE LARIVIERE,**

**Plaintiff,**

**v.**                                         **No. 16-1138-DRH**

**BOARD OF TRUSTEES OF**
**SOUTHERN ILLINOIS UNIVERSITY,**
**Governing SOUTHERN ILLINOIS**
**UNIVERSITY-EDWARDSVILLE,**
**PAUL FUGLINI, DONNA MEYER,**
**and KENNETH NEHER,**

**Defendants.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction and Background

Pending before the Court is defendants' partial motion to dismiss plaintiff's count III claim (Doc. 35).  LaRiviere opposes the motion (Doc. 32).  Based on the pleadings and the applicable case law, the Court grants the motion.

On October 14, 2016, defendants Board of Trustees of Southern Illinois University ("SIU"), Paul Fuglini, Donna Meyer and Kenneth Neher removed this case from St. Clair County, Illinois Circuit Court to this Court based on federal

question jurisdiction, 28 U.S.C. § 1331 (Doc. 1). On September 2, 2016, Janice LaRiviere, an African American, filed suit against defendants in state court alleging unlawful retaliation against SIU in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3 (Count I); racial discrimination against SIU in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 (Count II); damages against SIU for intentional discrimination pursuant to 42 U.S.C. § 1981a (Count III); intentional infliction of emotional distress against Meyer, Fuglini and Neher (Count IV); and negligent infliction of emotional distress against Meyer, Fuglini and Neher (Count V). Thereafter, defendants filed a motion for more definite statement (Doc. 7). On November 21, 2016, after no response from LaRiviere, Magistrate Judge Stephen Williams granted the motion and directed LaRiviere to file an amended complaint that "identifies the capacity in which each Defendant is being sued in Counts 4 and 5, and identifies the specific Defendants who allegedly perpetrated each act alleged in the Complaint." (Doc. 15).

On November 23, 2016, LaRiviere filed a first amended complaint (Doc. 17).[1] The first amended complaint alleges violations of 42 U.S.C. § 2000e-3; Title VII; 42 U.S.C. § 1981 against SIU (Count I); violations of 42 U.S.C. § 2000e-2; Title VII; 42 U.S.C. § 1981 (Count II); violations of 42 U.S.C. § 1983 against SIU (Count III); violations of 42 U.S.C. § 1983 against Fuglini, Meyer and Neher (Count IV); intentional infliction of emotional distress against Meyer, Fuglini, and Neher (Count

---

1 The Court notes that neither the first amended complaint (Doc. 17) nor the second amended complaint (Doc. 32) comports with the Local Rules of this Court, in particular Local Rule 15.1.

V) and negligent infliction of emotional distress against Fuglini, Meyer and Neher (Count VI). Thereafter, defendants moved to dismiss LaRiviere's Section 1981, Section 1983 and portions of her Title VII claims in the first amended complaint (Docs. 23 & 24) and defendants filed an answer (Doc. 25). In response, LaRiviere filed a motion for leave to file a second amended complaint (Doc. 30), a memorandum in opposition to the motion to dismiss (Doc. 31) and a second amended complaint (Doc. 32) on January 2, 2017. On January 3, 2017, the Court granted her leave to file the amended complaint and found as moot the motion to dismiss (Docs. 33 & 34).

The second amended complaint contains the following counts against defendants: violations of 42 U.S.C. § 2000e-3 against SIU (Count I); violations of 42 U.S.C. § 2000e-2 against SIU (Count II); violations of 42 U.S.C. § § 1983 and 1981 against Fuglini, Meyer and Neher (Count III); intentional infliction of emotional distress against Meyer, Fuglini and Neher (Count IV) and negligent infliction of emotional distress against Fuglini, Meyer and Neher (Count V).

In response to the second amended complaint, defendants filed the partial motion to dismiss Count III (Docs. 35 & 36) and an answer (Doc. 37). As the motion to dismiss is ripe, the Court turns to address the merits.

### Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to

dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Analysis

Defendants argue that Count III of the second amended complaint fails to sufficiently plead a cause of action by failing to allege any facts to support a claim against either the official capacity defendants or the personal capacity defendants despite the Court's previous Order to plead with more particularity. Defendants also argue that the official capacity defendants are not "Persons" subject to suit under Section 1983 and that plaintiff's Section 1981 and Section 1983 for monetary damages against defendants in their official capacity are barred by the Eleventh Amendment. LaRiviere counters that she has stated a claim in that "[t]he first paragraph of Count III of Plaintiff's Second Amended Complaint delineates specifically each individual Defendant it is directed. … and that "each individual defendant 'in their personal and official capacities **subject to exceptions,** directly

participated in the discriminatory and retaliatory conduct described hereinabove' … hence, any and all acts mentioned in the preceding paragraphs which outlined discriminatory and retaliatory conduct." (emphasis in original). As to the official capacity § 1983 claims, LaRiviere seems to argue that she is seeking equitable relief in that "persons can still be sued in their official capacity if prospected relief is requested i.e. an injunction or declaratory judgment and monetary damages that are ancillary to either."

Here, the LaRiviere's second amended complaint simply contains the following allegations the three individual defendants in Count III:

> "48. That Defendants Paul Fuglini, Donna Meyer, and Kenneth Neher, individually, and in their personal and official capacities subject to exceptions, directly participated in the discriminatory and retaliatory conduct described hereinabove as part of a broader policy of discrimination towards the Plaintiff in retaliation for engaging in conduct protected by 42 U.S.C. Section 2000 et seq.
> 49. That the actions and conduct as alleged were acts under color of State law; that the aforesaid Defendants intentionally acted to deprive the Plaintiff of her rights and privileges, or immunities secured by the Constitution of the United States thereby constituting a violation under 42 U.S.C. Section 1983.
> 50. That as a direct and proximate result of Defendant's [sic] Paul Fuglini, Donna Meyer and Kenneth Neher's actions in violation of 42 U.S.C. § 1983, the Plaintiff was injured and/or harmed in …."

Doc. 32, p. 10. In addition, LaRiviere seeks compensatory damages, punitive damages, attorney's fees, and any other judicial or equitable relief as the Court deems just and appropriate. (Doc. 32, p. 10).

**Individual Capacity Claims**

In order for an individual to be liable under § 1983, he or she must have been personally involved in the alleged constitutional violation. *See Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). A defendant may be personally liable "if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent. That is, he must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* (alteration in original) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Individual defendants are not liable simply because they may have been the supervisor over those who violated LaRiviere' rights. *McKinnon v. City of Berwyn*, 750 F.2d 1383, 1390 (7th Cir. 1984) (*respondeat superior* is not applicable to § 1983 claims). Therefore, for Fuglini, Meyer and Neher to be liable in their personal capacities, LaRiviere must plead sufficient facts to plausibly show that the individual defendants engaged in the offending conduct or at a minimum knew about it and consented to it. *Hildebrandt*, 347 F.3d at 1039.

In addition, § 1981 protects the rights of all persons "to make and enforce contracts" regardless of race. Unlike Title VII, individual employees can be held liable for race discrimination under § 1981. See *Smith v. Bray*, 681 F.3d 888, 832 (7th Cir. 2012). An individual can also "be liable under § 1981 for retaliatory conduct that would expose her employer to liability under Title VII or § 1981." *Id.* at 899.

Here, the Court finds that LaRiviere has failed to state claims under § 1983 and § 1981 against Fuglini, Meyer and Neher in their individual capacities. The Court concludes that the allegations are too sparse to support these claims. She does not specify any individual conduct directed to any of the individual defendants. As the allegations stand now, one can speculate only as to what the allegations are against Fuglini, Meyer and Neher. Defendants do not have the requisite notice of the purported allegations lodged against them. LaRiviere has not pled sufficient facts to plausibly show that the individual defendants engaged in the offending conduct or at a minimum knew about it and consented to it. Thus, the Court **GRANTS** defendants' motion as to this issue.

**Official Capacity Claims**

In response to the motion to dismiss and as stated *supra*, LaRiviere appears to concede that she is only seeking equitable/injunctive relief, not monetary damages, against these three defendants as to the claims against them in their official capacities. This comports with settled law in this area this area, which states that monetary damages under § 1983 are only available on individual capacity claims. *Brown v. Budz*, 398 F.3d 9044, 918 (7th Cir. 2005)(Eleventh Amendment bars official capacity claims for monetary damages). The Eleventh Amendment bars federal jurisdiction over claims against state officials in their official capacity. *MCI Telecomms. Corp. v. Ill. Bell Tel. Co.*, 222 F.3d 323, 336–37 (7th Cir. 2000). However, the immunity is not absolute and does not

extend to claims to enjoin a state officer in his or her official capacity from engaging in prospective action that will violate federal law. *Brown*, 398 F.3d at 917 (citing *Ex Parte Young*, 209 U.S. 123, 159–60, 28 S. Ct. 441, 52 L.Ed. 714 (1908)). To determine whether or not a complaint avoids the Eleventh Amendment bar, the Court needs to determine whether the "complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645, 122 S. Ct. 1753, 1760, 152 L.Ed. 2d 871 (2002).

The law is clear that LaRiviere may not seek monetary damages against the individual defendants in their official capacities for her § 1983 claim and her § 1981 claim. Furthermore, the allegations for equitable relief are completely unsatisfactory. Merely alleging "in their personal and official capacities subject to exceptions," and seeking "[a]ny other judicial or equitable relief as this Court deems just an appropriate" is insufficient to state a claim for injunctive/equitable relief against the defendants in their official capacities even under the most liberal pleading standard. Thus, the Court grants the motion on these issues.

## Conclusion

Accordingly, the Court **GRANTS** defendants' partial motion to dismiss plaintiff's Count III claim (Doc. 35). The Court **DISMISSES with prejudice** the official capacity claims for monetary damages against Fuglini, Meyer and Neher contained in Count III and **DISMISSES** without prejudice the remaining claims in

Count III. Further, the Court **ALLOWS** LaRiviere, up to and including March 22, 2017, to file a third amended complaint that comports with the Federal Rules of Civil Procedure and the Local Rules of this Court. The failure to file a third amended complaint as directed shall result in the dismissal with prejudice of the claims contained in Count III.

**IT IS SO ORDERED.**

Signed this 22nd day of February, 2017.

Digitally signed by
Judge David R. Herndon
Date: 2017.02.22
10:29:42 -06'00'

**United States District Judge**