IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JANICE LARIVIERE,**

**Plaintiff,**

v.                                                                                          No. 16-1138-DRH

**BOARD OF TRUSTEES OF
SOUTHERN ILLINOIS UNIVERSITY,
Governing SOUTHERN ILLINOIS
UNIVERSITY-EDWARDSVILLE,
PAUL FULIGNI**[1]**, DONNA MEYER,
and KENNETH NEHER,**

**Defendants.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Now before the Court is LaRiviere's motion for leave to file a third amended complaint (Doc. 41).[2]  LaRiviere seeks leave to clarify the allegations contained in Count III and to include Count IV, a breach of contract claim.  Defendants oppose the motion arguing that the original complaint was filed nearly seven months ago,

---

[1] Defendants note that plaintiff's original complaint contains the wrong name of this defendant. The caption contains the correct spelling/name.

[2] On February 22, 2017, the Court granted defendants' partial motion to dismiss plaintiff's count III claim, dismissed with prejudice the official capacity claims for monetary damages against Fuligni Meyer and Neher and dismissed without prejudice the remaining claims in Count III (Doc. 39).  The Court also allowed LaRiviere up to and including March 22, 2017 to file a third amended complaint. On March 21, 2017, LaRiviere filed this motion for leave and a third amended complaint which contains Count IV - breach of contract claim (Doc. 42). The Court notes that the motion for leave to amend does not cite case law or a rule of law in support.

Page **1** of **3**

that LaRiviere has amended her complaint twice and that the breach of contract claim is based on facts that existed at the onset of the litigation.[3] Further, defendants maintain that the parties have exchanged multiple sets of written discovery and that LaRiviere has been deposed. Based on the following, the Court grants the motion.

Federal Rule of Civil Procedure 15(2) provides:

*Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's consent or the court's leave. The Court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, … undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' " *Continental Bank, N.A. v. Meyer,* 10 F.3d 1293, 1298 (7th Cir. 1993) (quoting *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Generally, "the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *J.D. Marshall Intern. Inc. v. Redstart, Inc.,* 935 F.2d 815, 819 (7th Cir. 1991); *Sanders v. Venture Stores Inc.*, 56 F.3d 771 (7th Cir. 1995).

Here, the Court finds that LaRiviere may amend her complaint to include a claim of breach of contract. At this early stage of the litigation, the Court does not

---

3 Also on March 29, 2017, defendants filed another motion to dismiss Count III of plaintiff's third amended complaint (Docs. 48 & 49).

find undue delay, bad faith or dilatory motive on behalf of LaRiviere. Further, the Court does not find that such an amendment would cause undue prejudice to defendants. In fact, the discovery deadline is August 4, 2017 and the dispositive motion deadline is August 18, 2017. The breach of contract claim contained in the third amended complaint is based on similar facts contained in the previous complaints. As noted by defendants, the "purported breach of contract claim, however, is based on facts that existed at the onset of this litigation." Thus, the Court concludes that justice so requires leave to amend to add Count IV - a breach of contract claim.

Accordingly, the Court **GRANTS** the motion for leave to file third amended complaint (Doc. 41). LaRiviere's March 21, 2017 third amended complaint (Doc. 42) stands. The Court will render a decision on defendants' March 29, 2017 motion to dismiss Count III of plaintiff's third amended complaint once the motion is ripe.

**IT IS SO ORDERED.**

Signed this 30th day of March, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.03.30 16:00:39 -05'00'

**United States District Judge**