# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

JANICE LARIVIERE,

      Plaintiff,

vs.

BOARD OF TRUSTEES OF           Case No. 16-cv-1138-DRH-SCW
SOUTHERN ILLINOIS UNIVERSITY,
Governing SOUTHERN ILLINOIS
UNIVERSITY – EDWARDSVILLE;
PAUL FULIGNI, DONNA MEYER,
and KENNETH NEHER, Individually

      Defendants.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Before the Court is plaintiff's motion for preliminary injunction. (Doc. 52). Specifically, plaintiff seeks to enjoin defendants from "(1) terminating the plaintiff's continuing appointment set to expire May 5, 2017; and (2) calling, and sending intimidating messages and letters to the Plaintiff about her continued employment with SIUE." (Doc. 52, pg. 1). For the reasons explained below, the Court **DENIES** plaintiff's motion for preliminary injunction.

Plaintiff, Janice LaRiviere, is a former Southern Illinois University Edwardsville (hereinafter "SIUE") employee who served in an administrative position within the Department of Facilities Management from 2005-2014. (Doc.

42, pg. 3-4). The Court notes here that plaintiff makes conflicting statements about her title and position during that time. (Doc. 42, pg. 3, ¶ 12 and Doc. 52, pg. 1). Plaintiff was hired pursuant to a continuing appointment, which was to be renewed automatically each year unless she was given notice. (Doc. 42, pg. 4). Employees appointed three or more times, of which plaintiff is one, shall be given no less than one year's notice of their non-reappointment. (Doc. 42, pg. 4). Again, the Court notes that plaintiff makes conflicting statements about the number of times she was reappointed. (Doc. 42, pg. 4, ¶ 12 and Doc. 52, pg. 2). Defendants Fuligni, Meyer, and Neher are employed in supervisory positions at SIUE and have direct authority over plaintiff. (Doc. 42, pg. 4). Plaintiff has had a history of filing complaints and lawsuits alleging discrimination, harassment and/or retaliation against one or more of the defendants in both Illinois State and Federal court since 2011. (Doc. 52, pg. 2; Doc 42, pg. 4-5).

Plaintiff alleges on May 5, 2016, defendant SIUE terminated her continuing appointment with no notice and simultaneously converted it to a term appointment set to expire May 5, 2017. (Doc. 42, pg. 7; Doc. 52, pg. 2). She claims this was because it would then be possible to "remove the Plaintiff before the end of the term appointment, without regard to seniority, skills, knowledge, or abilities, and with as short of notice as the Defendant deems necessary...." (Doc. 52, pg. 2; Doc. 42, pg. 7-8). Plaintiff's term appointment will conclude two years before she is eligible to receive minimum retirement benefits. (Doc. 52, pg. 2; Doc. 42, pg. 7). Further, employees on term appointments may be removed prior to the

expiration of the term appointment for "just cause and/or by appropriate notice as reorganization or retrenchment may require." SIUE Admin. Prof. Staff Proc. Manual 2.3. Plaintiff contends that she has never been required to undergo evaluation for unsatisfactory performance, as required by SIUE Administrative Professional Staff Procedure Manual 2.18, because she has "never been disciplined, warned, reprimanded, or even consulted about… her work product or attitude…." (Doc. 52, pg. 3). She states that without appropriate notice, she was "constructively discharged and her job responsibilities were materially altered" because she was "removed to a remote job site and exposed to intolerable work conditions[,] inoperable toilets, no hot water, [and] inadequate circulation…." (Doc. 52, pg. 3; Doc. 42, pg. 15).

Following the termination of continuing appointment, plaintiff filed an internal complaint with the University's Office of Equal Opportunity, Access, and Title IX Coordination ("EOC") alleging race discrimination and retaliation by defendants Fuligni, Meyer, and Neher. Doc. 52, Pg. 3. There was an investigation conducted, a report disseminated, and a conclusive finding that plaintiff's duties were changed and that there was going to be a reorganization of the department. (Doc. 52, pg. 3). Furthermore, the investigation found that "the determination to change the Complainant's contract status to a term contract [was] an adverse employment action." (Doc. 52, pg. 3-4). This determination appears to have been made as a result of plaintiff being the first administrative professional changed to a term appointment, the "only occupant" at her new job site, and there being four

administrative professional staff employees with less seniority who did not feel similar effects on employment. (Doc. 52, pg. 4).

Lastly, plaintiff alleges that around March 3, 2017, defendant Fuligni "began repeatedly calling Plaintiff and leaving voicemail messages stating that although he was aware that Plaintiff was out on sick leave until May 5, 2017, he wanted her to clear out her office." (Doc. 52, pg. 4). When there was no response, defendant Fuligni mailed plaintiff a letter dated March 27, 2017, advising her that her desktop computer and telephone had been removed from her office and that she needed to take the following actions: (1) remove all of her personal items from her office, (2) provide to him anything she has completed for her work assignments, (3) return her P-card, (4) return all University keys, and (5) return any other University property she has in her possession. (Doc. 52, pg. 4).

## II. **Legal Standard**

In order to obtain a preliminary injunction under Rule 65, plaintiff must demonstrate the following: (1) her underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) she will suffer irreparable harm without the injunction. *Woods v. Buss,* 496 F.3d 620, 622 (7th Cir. 2007); Fed. R. Civ. P. 65. If those three factors are shown, the Court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius,* 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar,* 196 F.3d 809, 813 (7th Cir. 1999). The United States Supreme Court has emphasized that a "preliminary injunction is an extraordinary and

drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Christian Legal Soc'y v. Walker,* 453 F.3d 853, 870 (7th Cir. 2006) (quoting *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (emphasis in original)).

### III. Preliminary Injunction

Plaintiff does not meet the prong for showing that she will suffer irreparable harm; therefore, regardless of whether the other two prongs are met, the test for obtaining a preliminary injunction fails. Thus, the Court will limit its analysis to the irreparable harm prong. Under that prong, the kind of harm that the Court is concerned about "is not harm *tout court* but rather *irreparable* harm." *Turnell v. CentiMark Corp.,* 796 F.3d 656, 666 (7th Cir. 2015); *See* also *Roland Machinery Co. v. Dresser Industries, Inc.,* 749 F.2d 380, 386 (7th Cir. 1984). Only if the plaintiff will suffer harm that cannot be prevented or fully rectified by the final judgment after trial can he get a preliminary injunction. *Roland,* 749 F.2d at 386. Thus, when it is only damages that are sought, the adequate remedy and irreparable harm requirements merge because the question becomes whether the plaintiff will be made whole if he prevails on the merits and is awarded the damages he or she seeks. *Id.* The Seventh Circuit has held that to be inadequate, the damages must be "seriously deficient as a remedy for the harm suffered." *Id.*

In the employment context, the type of injury must "depart from the harms common to most discharged employees." *Bedrossian v. Northwestern Memorial Hosp.,* 409 F.3d 840, 845 (7th Cir. 2005) (citing *Sampson v. Murray,* 415 U.S.

61, 92 (1974)). Thus, humiliation, damages to reputation, loss of income due to purportedly wrongful termination, inability to find another job, or other speculative injuries do not rise to the level of irreparable harm. *Id.* at 845-46; *See also East St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.,* 414 F.3d 700, 704-05 (7th Cir. 2005) and *E.E.O.C. v. City of Janesville*, 630 F.2d 1254, 1259 (7th Cir. 1980). Furthermore, even in the case of race or sex discrimination, reinstatement pending trial is an extraordinary remedy. *E.E.O.C.*, 630 F.2d at 1259. The purpose of the irreparable harm requirement is to "take care of the case where although the ultimate relief that the plaintiff is seeking is equitable, implying that he has no adequate remedy at law, he can easily wait till the end of trial to get that relief." *Roland,* 749 F.2d at 386.

Plaintiff contends that if defendants are not enjoined from terminating her continuing appointment, she "will be unemployed and not able to provide for herself or her family, [as] she is ineligible to receive minimum retirement benefits after 15 years of employment with the University." (Doc. 52, pg. 13). Plaintiff claims it is "highly unlikely if not impossible to regain the professional status, position and tenure with other employment as she has accumulated with the University." (Doc. 52, pg. 13). Lastly, plaintiff states "it will be unduly burdensome… to pay for the basic expenses incurred in pursuing this lawsuit" and her "mental and emotional decline will be accelerated and exacerbated if the Defendants are not enjoined…." (Doc. 52, pg. 13).

Conversely, defendants contend plaintiff's injuries relate "to lost salary and benefits and thus are easily defined and calculable."(Doc. 54, pg. 6). In so contending, defendants argue that plaintiff "has failed to set forth any harm that depart[s] from the harms common to most discharged employees.'" (Doc. 54, pg. 7). In particular, defendants state that the injuries suffered are "the exact type of damage that almost every terminated employee suffers or claims to suffer." (Doc. 54, pg. 7).

Here, the Court finds that plaintiff will not suffer harm that cannot be prevented or fully rectified by a final judgment after trial. Thus, a preliminary injunction is improper because only damages are sought, plaintiff can be made whole if she prevails on the merits of her claims, and the damages will not be "seriously deficient as a remedy for the harm suffered." In particular, the types of injuries complained of here do not "depart from the harms common to most discharged employees." Plaintiff is complaining of injuries similar to those found not to be irreparable in *Bedrossian* and *Sampson,* namely unemployment, inability to provide for herself and her family, ineligibility for retirement benefits, inability to regain professional status, position and tenure in other employment, inability to pay basic expenses for this suit, and the decline of her mental and emotional facilities. The Court chooses not to go against the well-established authority that holds these claims of injury are easily calculable and reparable by a final judgment.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** plaintiff's motion for preliminary injunction. (Doc. 52).

**IT IS SO ORDERED.**

Signed this 8th day of June 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.06.08 16:05:03 -05'00'

United States District Judge