# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JANICE LARIVIERE,**

      **Plaintiff,**

vs.

**BOARD OF TRUSTEES OF**         Case No. 16-cv-1138-DRH-SCW
**SOUTHERN ILLINOIS UNIVERSITY,**
**Governing SOUTHERN ILLINOIS**
**UNIVERSITY – EDWARDSVILLE;**
**PAUL FULIGNI, DONNA MEYER,**
**and KENNETH NEHER, Individually,**

      **Defendants.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction

Now before the Court is defendants', Board of Trustees of Southern Illinois University, Paul Fuligni, Donna Meyer, and Kenneth Neher (hereinafter collectively "defendants"), motion to dismiss count III of plaintiff's third amended complaint pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (Doc. 42). Plaintiff, Janice LaRiviere, opposes the motion on grounds that the pleading requirements of 12(b)(6) are satisfied and defendants have adequate notice of her claims. (Doc.

51). For the reasons explained below, the Court **DENIES** defendants' motion to dismiss. (Doc. 48).

## II. Background

Plaintiff, Janice LaRiviere, is an African American female who began her employment with SIUE and the Department of Facilities Management in 2002. (Doc. 42, pg. 3). She held her most recent position, Assistant Director of Building Maintenance, from 2005 to the date her complaint was filed, and afterward. (Doc. 42, pg. 3-4). Plaintiff was hired pursuant to a continuing appointment, which renewed automatically each year unless given notice as set forth under SIUE's personnel policies. (Doc. 42, pg. 4). SIUE's policies state that employees who have been appointed three or more times, of which plaintiff was one, shall be given no less than a one year notice of their non-reappointment. (Doc. 42, Pg. 4).

Plaintiff has had a history of filing charges of discrimination and retaliation against some or all defendants. (Doc. 42, pg. 4). Specifically, on October 11, 2012, plaintiff received a right to sue letter from the E.E.O.C. after filing a discrimination charge against SIUE. (Doc. 42, pg. 4). On October 25, 2012, plaintiff then filed a discrimination complaint against the Board of Trustees of SIU, and Kenneth Neher, individually, in the United States District Court for the Southern District of Illinois, for allegedly "failing to promote her to the position of Director of Facilities Management based on her race." (Doc. 42, pg. 4). On December 6, 2013, plaintiff also filed a complaint against the defendants in the Twentieth Judicial Circuit, St. Clair County, Illinois, alleging "racial

discrimination in their promotion policies and for… non-compliance with Federal and State race discrimination laws….” (Doc. 42, pg. 5). On January 13, 2014, and August 14, 2014, the plaintiff's complaints were dismissed by the U.S. District Court and the Circuit Court of St. Clair County, respectively. (Doc. 42, pg. 5). During the pendency of the lawsuits, plaintiff continued to be employed by SIUE pursuant to her continuing appointment. (Doc. 42, pg. 5).

On September 2, 2016, plaintiff filed her original complaint in state court for the current matter. (Doc. 49, pg. 1; Doc. 48, pg. 2). Defendants subsequently removed the case to this Court and filed a motion for a more definite statement, which was granted. (Doc. 49, pg. 1-2; Doc. 48, pg. 2). Plaintiff was directed to "identif[y] the specific Defendants who allegedly perpetrated each act alleged in the Complaint." (Doc. 15). In response, plaintiff filed first and second amended complaints, to which defendants responded with motions to dismiss. (Doc. 49, pg. 2; Doc. 48, pg. 2). This Court granted in part defendants' partial motion to dismiss count III of plaintiff's second amended complaint, but allowed plaintiff to file a third amended complaint, which she did on March 22, 2017. (Doc. 49, pg. 1; Doc. 48, pg. 2).

In count III, plaintiff makes allegations against defendants Fuligni, Meyer, and Neher in their individual capacities, under 42 U.S.C. §§ 1981 and 1983. (Doc. 42, pg. 14). Specifically, she states that defendants "participated in the discriminatory and retaliatory conduct… as part of a broader policy of discrimination towards the Plaintiff in retaliation for engaging in conduct

protected by 42 U.S.C. Section 2000 et seq." (Doc. 42, pg. 14). In so doing, she states that defendants "were either in previous litigation filed by the Plaintiff or acting either as a supervisor or investigator and had knowledge of the complaints filed by the Plaintiff." (Doc. 42, pg. 14). Thus, she alleges that defendants, "under the color of State law," intentionally engaged in "a systemic and methodical pattern of antagonism…," which ultimately deprived her of rights secured by the Constitution, for her filing of E.E.O.C. complaints and lawsuits. (Doc. 42, pg. 14-15).

### III. <u>**Motion to Dismiss**</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that in order to withstand Rule 12(b)(6) dismissal, a complaint "does not need detailed factual allegations," but must contain "enough facts to state a claim for relief that is plausible on its face." 550 U.S. at 570.

*Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) retooled federal pleading standards, but notice pleading remains all that is required in a complaint. "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is

entitled to relief.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citation omitted). In making this assessment, the district court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007).

The above standard applies to civil rights suits, as heightened notice pleading requirements have been found to be unnecessary in those cases. *Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998). Furthermore, the Seventh Circuit has held that to survive a motion to dismiss a § 1983 claim, a plaintiff must only "allege facts which show that the defendant, acting under color of state law, intentionally and unlawfully deprived the plaintiff of a constitutional right." *Anderson v. Simon,* 217 F.3d 472, 474 (7th Cir. 2000). Again, in these instances, Federal notice pleading requires "only that the plaintiff 'set out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice….'" *Id.*

### IV. <u>Analysis</u>

#### a. <u>Count III</u>

Defendants argue in their motion to dismiss that "Plaintiff again fails to allege any specific facts against Defendants Fuligni, Meyer, or Neher in their individual capacities…" because, despite this Court's Order, plaintiff's complaint does not plead sufficient facts to show that the "individual defendants engaged in the offending conduct or at a minimum knew about it and consented to it." (Doc.

48, pg. 3) (citing Doc. 39 and *Hildebrandt v. Ill. Dept. of Natural Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003)). Defendants contend that even with the addition of paragraph 84, which incorporates the allegations contained in paragraphs 1-83 of the complaint, and paragraphs 86-89, "Plaintiff has failed to allege which Defendant is supposedly responsible for what act." (Doc. 48, pg. 3). According to the defendants, these failures do not meet the standards for pleading under the Federal Rules of Civil Procedure "because of the vague and nebulous nature of the[] allegations…." (Doc. 48, pg. 6).

In response, plaintiff states that "Defendants are well aware of the allegations against them" because the complaint makes common allegations, which are incorporated by reference into count III, as well as allegations specific to count III. (Doc. 51, pg. 3). She also argues "there is no requirement in federal lawsuits of pleading the facts or the elements of a claim…." (Doc. 51, pg. 4-5). Furthermore, plaintiff contends "an official satisfies the personal responsibility requirement of Section 1983 if she acts or fails to act with a deliberate or reckless disregard of the plaintiff's constitutional rights." (Doc. 51, pg. 4-5) (citing *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2009) and *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000)). Lastly, plaintiff reiterates the timeframe for the alleged "discriminatory and retaliatory conduct" by defendants. (Doc. 51, pg. 5).

Here, the Court finds that count III, as well as the incorporated paragraphs, provide enough facts to state facially plausible claims for relief under §§ 1981 and 1983. In other words, plaintiff has provided enough detail to give the defendants

fair notice of the claims and the grounds upon which they rest. Specifically, the plaintiff provided facts that, when accepted as true, tend to show the defendants, under color of state law, intentionally and unlawfully deprived her of a constitutional right by participating in a policy of discrimination in retaliation for engaging in protected behavior.

For instance, the plaintiff pled the following: (1) plaintiff suffered adverse employment actions, despite having never been disciplined and always receiving "satisfactory" or "meets the standards of performance" on employee evaluations (Doc. 42, pg. 4); (2) plaintiff has a history of filing suit against the individual defendants, who serve in supervisory or investigatory positions and allegedly conducted "investigations and oversight" without her knowledge, not as part of her human resource file, and without reflection in her performance evaluations (Doc. 42, pg. 4); (3) defendants participated in terminating the plaintiff's continuing appointment, allegedly in contravention of SIUE's policies (Doc. 42, pg. 15); (4) defendants allegedly participated in constructively discharging plaintiff from her supervisory position by materially altering her job responsibilities and exposing her to objectively intolerable work conditions (Doc. 42, pg. 15); and (5) defendants acted intentionally to deprive plaintiff of rights secured by the Constitution (Doc. 42, pg. 15). These assertions, when accepted as true, meet the Federal pleading standard because, in the context of §§ 1981 and 1983 claims, they provide adequate notice and suggest facially plausible claims to relief.

## V. <u>Conclusion</u>

Accordingly, the Court **DENIES** defendants' motion to dismiss plaintiff's third amended complaint. (Doc. 48).

**IT IS SO ORDERED.**

**Signed this 13th day of June, 2017.**

Digitally signed by Judge David R. Herndon
Date: 2017.06.13 16:46:57 -05'00'

**United States District Judge**